UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JAMES,<br><br>                     Petitioner,<br><br>v.<br><br>J. GASTELLO, Warden,<br><br>                     Respondents. | Case No.: 17cv1570 H (NLS)<br><br>**(1) REPORT AND RECOMMENDATION RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

## I. INTRODUCTION

Petitioner Darryl James ("Petitioner" or "James"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his San Diego Superior Court convictions in case numbers SCD255814 and SCD259896. (Pet. at 1, ECF No. 1 "Pet.")[1] He has also filed a Motion for Appointment of Counsel. (*See* ECF No. 24.) The Court has reviewed the Petition, the Answer and Memorandum of Points and Authorities in Support of the Answer, the Traverse, the

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the court's electronic case filing system.

lodgments, the Motion and all the supporting documents submitted by both parties. For the reasons discussed below, the Court **DENIES** the Motion for Appointment of Counsel and **RECOMMENDS** the Petition be **DENIED**.

## II. FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from those facts, are entitled to statutory presumption of correctness). Petitioner challenges his sentence imposed as a result of two criminal convictions, summarized in one consolidated appellate decision. The following facts are taken from the California Court of Appeal opinion:

### A. San Diego County Superior Court Case No. SCD255814

On July 21, 2014, James pled guilty to second degree burglary and petty theft with a prior theft conviction. He also admitted that he had served three prior prison terms and had 15 prior robbery convictions and two prior attempted robbery convictions, which constituted strikes. When James failed to appear for the scheduled sentencing hearing, the trial court issued a bench warrant for his arrest.

### B. San Diego County Superior Court Case No. SCD259896

In November 2014, a police officer contacted James at a shopping center while the officer was investigating another matter. The officer checked James's record and learned that James was required to register as a sex offender. The registration requirement arose out of James's conviction of forcible rape in Missouri in 1977, which was based on a guilty plea that he entered when he was 17 years old. (See § 290.005, subd. (a).) The officer arrested James.

James later admitted to another police officer that he had missed his annual sex offender registration requirement. Officers also determined that James may have failed to update his registration upon changing his address. In March 2015, the People charged James with committing petty theft with a

> prior theft conviction and two counts of failing to register as a sex offender, one for missing his annual registration requirement and the other for failing to register when he changed his address. On both counts, the People alleged that James committed the offenses while he was out on bail. The People also alleged that James had served three prior prison terms and had 17 prior strike convictions.
>
> James pled guilty to the count of petty theft with a prior theft conviction. After the trial court denied James's motion in limine seeking to invalidate the 1977 Missouri forcible rape conviction, a jury found James guilty of failing to complete his annual registration as a sex offender and not guilty of failing to register upon changing his address. After the jury returned its verdicts, in a bifurcated proceeding James admitted that he was out on bail when he committed the failure to register offense, that he had been convicted of forcible rape in Missouri in 1977, that he had 11 robbery convictions and one attempted robbery conviction in 1985, that he had four robbery convictions and one attempted robbery conviction in 1992, and that he had served three prior prison terms.

(Lodgment No. 5, ECF No. 16-10 at 2-4.)

## III. PROCEDURAL BACKGROUND

On May 6, 2014, Petitioner was charged by complaint with one count of second degree burglary (Cal. Penal Code §459) and one count of petty theft with a prior theft conviction (Cal. Penal Code § 484). (Lodgment No. 2, vol. 2, ECF No. 16-2 at 299-300.) The prosecution further alleged that James had three prison priors (Cal. Penal Code §§ 667.5, 668) and had suffered 17 prior strike convictions (Cal. Penal Code §§ 667(b)-(i), 668, 1170.12). (Lodgment No. 2, vol. 2, ECF No. 16-2 at 302-05.) Finally, the prosecutor alleged that Petitioner was ineligible for probation (Cal. Penal Code § 1203(e)(4)). (Lodgment No. 2, vol. 2, ECF No. 16-2 at 302.)

On July 21, 2014, James pleaded guilty to both counts and admitted to all the charged allegations and prior convictions. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 306-08; *see also* Lodgment No. 3, vol. 1, ECF No. 16-3 at 8-9.) The trial court indicated its intent to sentence James to no more than 32 months and set a sentencing date for September 25, 2014. The judge explained that if James failed to appear for sentencing,

"all deals were off." (Lodgment No. 3, vol. 1, ECF No. 16-3 at 3, 7, 10; *see also* Lodgment No. 2, vol. 2, ECF No. 16-2 at 306.) Petitioner failed to appear at his September 25, 2014 sentencing hearing and a bench warrant was issued. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 330.)

On March 10, 2015, James was charged with committing petty theft with a prior theft conviction (Cal. Penal Code §§ 484, 666(a) & (b)). (Lodgment No. 2, vol. 1, ECF No. 16-1 at 8-11.) He was further charged with two counts of failing to register as a sex offender (Cal. Penal Code §§ 290.012, 290.013).[2] (Lodgment No. 2, vol. 1, ECF No. 16-1 at 8-9.) As to each count, the prosecution added an "out-on-bail" enhancement (Cal. Penal Code §12022.1(b)). (Lodgment No. 2, vol. 1, ECF No. 16-1 at 9-10.) It was further alleged that James had three prison priors (Cal. Penal Code §§ 667.5(b), 668) and 19 prior strike convictions (Cal. Penal Code §§ 667(b)-(i), 1170.12, 668). (Lodgment No. 2, vol. 1, ECF No. 16-1 at 12-17.) The prosecutor noted that James was eligible for a life sentence under California's Three Strike's law. (Lodgment No. 2, vol. 1, ECF No. 16-1 at 9.)

On January 26, 2016, James pleaded guilty to the petty theft count. (Lodgment No. 1, vol. 1, ECF No. 16-1 at 155-57; *see also* Lodgment No. 4, vol. 4, ECF No. 16-7 at 191-93.) After a jury trial, James was convicted of failing to register within five working days of his birthday but acquitted of failing to register upon changing addresses. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 186-87, 289, 293; *see also* Lodgment No. 4, vol. 4, ECF No. 16-7 at 195-96.)

James waived his right to a jury trial on the enhancements and prior conviction allegations. (Lodgment No. 4, vol. 3, ECF No. 16-6 at 17-20.) He admitted to the out-on-bail enhancement and admitted that he had suffered a conviction for a prior strike based on a forcible rape conviction in Missouri. (Lodgment No. 2, vol. 2, ECF No. 16-2

---

[2] One count stemmed from James's purported failure to register as required annually at the time of his birthday. The second count arose from his alleged failure to register when he changed his address. (Lodgment No. 2, vol. 1, ECF No. 16-1 at 9.)

at 294; *see also* Lodgment No. 4, vol. 5, ECF No. 16-8 at 402-03, 414.) He also admitted to eleven prior robbery convictions from 1985 and four robbery and one attempted robbery conviction from 1992. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 294-95; *see also* Lodgment No. 4, vol. 5, ECF No. 16-8 at 413-15.) Lastly, he admitted to having suffered three prison priors. (Lodgment No. 4, vol. 5, ECF No. 16-8 at 410-13.) On April 8, 2016, the trial court exercised its discretion to strike all but one prior strike and sentenced James to an aggregate term of thirteen years, eight months in prison.[3] (Lodgment No. 4 vol. 6, ECF No. 16-9 at 448-50; *see also* Lodgment No. 2, vol. 2, ECF No. 16-2 at 324-25.)

On May 16, 2016, James filed a notice of appeal. (*See* Lodgment No. 6, ECF No. 16-11.) On December 16, 2016, James's court appointed appellate attorney filed a brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979). (*See* Lodgment No. 6, ECF No. 16-11.) Under *Wende*, appellate counsel is permitted to file a "no merits" brief when counsel determines that there are no arguable issues to pursue on appeal. *See Wende*, 25 Cal. 3d at 441. In those circumstances, the appellate court independently reviews the record to determine whether any issues exist. *Id.*

On July 11, 2016, while his direct appeal was pending before the Court of Appeal, James filed a petition for writ of habeas corpus in San Diego County Superior Court. (Lodgment No. 7, ECF No. 16-12.) In it, James argued that he received ineffective assistance of counsel with regard to his 1977 Missouri conviction because counsel failed

---

[3] The trial court designated the failure to register count as the principal count and imposed an upper term of three years, doubled due to the single remaining strike prior. To that six year term, the court added two years for the out-on-bail enhancement. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 249; *see also* Lodgment No. 4, vol. 6, ECF No. 16-9 at 457.) As to the petty theft with a prior conviction charged in conjunction with the failure to register, the court imposed a consecutive sentence of one third the middle term (eight months) doubled for a total of sixteen months. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 249; *see also* Lodgment No. 4, vol. 6, ECF No. 16-9 at 457-58.) As to the burglary conviction from the earlier case for which Petitioner failed to appear for sentencing, the court imposed a consecutive term of one third the middle term (eight months) doubled for a total of sixteen months. Finally, the court added three years for the three prison priors, for a total sentence of 13 years, eight months in prison. (Lodgment No. 2, vol. 2, ECF No. 16-2 at 249; *see also* Lodgment No. 4, vol. 6, ECF No. 16-9 at 458-60.)

to advise him of the lifetime requirement to register as a sex offender. (*See id.* at 3-4.) He further argued that the conviction was invalid because he was not properly advised of his rights during his guilty plea. He argued that his conviction for failure to register as a sex offender should be set aside because the underlying conviction was obtained in violation of the Constitution. (*See id.*) On July 25, 2016, the superior court denied the habeas petition, concluding that it did not have jurisdiction because James's direct appeal was pending in the appellate court. (Lodgment No. 8, ECF No. 16-13.)

On March 21, 2017, while still awaiting a decision in his direct appeal, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Lodgment No. 9, ECF No. 16-14.) In the petition, he raised three claims: (1) the Missouri court failed to properly advise him of his Constitutional rights during his 1977 guilty plea; (2) ineffective assistance of counsel in his 1977 Missouri case and (3) his California conviction for failing to register as a sex offender amounted to a violation the Constitution's prohibition against double jeopardy. (*See id.*) On March 30, 2017, the appellate court denied the habeas petition, concluding that it had no jurisdiction over the Missouri conviction and that Petitioner's double jeopardy claim was without merit. (Lodgment No. 10, ECF No. 16-15 at 1-2.)

On May 8, 2017, the California Court of Appeal rejected James's direct appeal, finding there were "no reasonably arguable appellate issue[s]" and affirming James's conviction. (Lodgment No. 6, ECF No. 16-10 at 6-7.)

On June 9, 2017, James filed a petition for review in the California Supreme Court. He argued that (1) the appellate court failed to apply the proper standard when reviewing his appeal under *Wende*, (2) his failure to register conviction was invalid because there was no law requiring registration in 1977, when he pleaded guilty in Missouri and (3) his failure-to-register conviction was violation of equal protection and ex post facto principles. (Lodgment No. 11, ECF No. 16-16 at 3.) On July 12, 2017, the California Supreme Court denied the petition for review without comment or citation. (Lodgment No. 12, ECF No. 16-17.)

James filed the instant federal petition for writ of habeas corpus in this Court on August 3, 2017. (ECF No. 1.) Respondent filed an Answer and Memorandum of Points and Authorities on January 16, 2018. (ECF No. 15.) On March 28, 2018, Petitioner filed a Traverse. (ECF No. 22.) James filed a Motion for Appointment of Counsel on May 15, 2018. (ECF No. 24.)

## IV. SCOPE OF REVIEW

James's Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).

A federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). In order to grant relief under § 2254(d)(2), a federal court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id*. Additionally, the "unreasonable

application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id*. Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

///

///

## V. DISCUSSION

James raises three claims in his Petition. In claim one, he argues that the California Court of Appeal failed to properly review his appeal under *Wende*, 25 Cal. 3d 436. (*See* Pet., ECF No. 1 at 12.) In ground two, Petitioner states "there was no law requiring him to register as a sex offender" when he pleaded guilty in a 1977 Missouri case. (*Id.*) In ground three, James contends that his conviction for failure to register as a sex offender was in violation of the Ex Post Facto and Equal Protection Clauses of the U.S. Constitution because the registration law was not in effect at the time of his 1977 Missouri conviction. (*See id.*; *see also* Traverse, ECF No. 22 at 2-5.)

### A. *Wende* Review (Claim One)

In claim one, Petitioner argues that the appellate court failed to properly review his appeal. (*See* Pet., ECF No. 1 at 12; *see also* Traverse, ECF No. 22 at 2.) Respondent contends the claim must be denied because James has failed to state a cognizable ground for federal habeas relief. (*See* P. & A. Supp. Answer, ECF No. 15-1 at 9-10.)

As noted above, James's appellate counsel submitted a "*Wende* brief" on appeal. (Lodgment No. 6, ECF No. 16-11.) Under the *Wende* procedure, appellate counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case. *Smith v. Robbins*, 528 U.S. 259, 265 (2000) (citing *Wende*, 25 Cal. 3d at 441-42). Counsel also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a pro se supplemental brief. *Smith,* 528 U.S. at 265. Counsel further requests that the appellate court independently examine the record for arguable issues. The appellate court, upon receiving a "*Wende* brief," conducts a review of the entire record and if, as was the case here, it finds the appeal to be frivolous, affirms the conviction. *See id.*

A California prisoner cannot state a constitutional claim simply because the *Wende* procedure was used. *See id.* at 276. A claim that merely challenges a *Wende* review is insufficient to state a cognizable ground for federal habeas relief. By claiming a

9

defective *Wende* review, James has not articulated any specific federal constitutional claim. In *Smith*, the Supreme Court upheld the constitutionality of California's *Wende* procedure as affording "adequate and effective appellate review" for indigent criminal defendants. *Id.* at 284. As such, Petitioner's challenge to the procedure itself must fail.

To the extent James is challenging the California Court of Appeal's *Wende* review process in his specific case, it is a matter of state law, and as such is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (citations omitted). Furthermore, to the extent Petitioner asserts that the state court erred in concluding it could find no arguable issues, the mere inability to find an arguable issue is also not a cognizable federal habeas claim. By asking this court to review such a state court determination, James is effectively asking this court to review a claim that, by definition, the California appellate court could not find. This is not the purpose of federal habeas review. *See id.*

In sum, the *Wende* review procedure is a matter of California state law that this court may neither carry out itself nor review. Petitioner has therefore failed articulate a cognizable federal claim. *See Smith*, 528 U.S. at 284. He has further failed to show that the state court's decision on any specific legal claim was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The Court therefore recommends the claim be **DENIED**.

### B. Missouri Conviction (Claims Two and Three)

Petitioner's second and third claims both concern Petitioner's 1977 conviction which provided the basis for his conviction for failure to register as a sex offender. He asserts in claim two that, at the time of his 1977 Missouri conviction, there was no law requiring him to register as a sex offender. In ground three, James contends that California's sex offender registration requirement, enacted under "Megan's Law," and California Penal Code § 290 violate the ex post facto and equal protection clauses of the

U.S. Constitution. (Pet., ECF No. 1 at 62.) Although James does not assert any Constitutional violation in ground two, when read in conjunction with ground three, it appears to be part of his overall claim that his conviction for failure to register was in violation of the ex post facto and equal protection clauses. The Court will therefore discuss grounds two and three together.

          1.      <u>Exhaustion</u>

Respondent argues Petitioner has failed to exhaust his ex post facto and equal protection claims. (*See* Answer, ECF No. 15-1 at 13-14.) Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To satisfy this requirement, a petitioner must "fairly present" his federal claims "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of [each] claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

"Fair presentation" requires that a claim be presented in the manner required by the state courts to give those courts a meaningful opportunity to address the claim. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). A claim is not exhausted when it is presented "for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefore.'" *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (citation omitted). In other words, a claim raised for the first and only time in a petition to the state's highest court on discretionary review is not "fairly presented" for the purposes of the exhaustion requirement. *Casey*, 386 F.3d at 917-18.

Here, Petitioner's claims regarding his 1977 conviction and his failure to register as a sex offender were not "fairly presented" to the California courts. As discussed

///
///
///

above, Petitioner's appellate counsel filed a *Wende* brief, raising no issues for appeal.[4] Petitioner filed a pro se supplemental brief raising the following claims: (1) the Missouri court failed to obtain a waiver of his trial rights before he pled guilty; (2) Missouri counsel provided ineffective assistance in connection with the guilty plea; (3) the Missouri court failed to advise James of the lifetime sex offender registration requirement before he pled guilty; (4) James was denied certain procedural protections afforded California juvenile offenders before they may be prosecuted as adults; and (5) the Missouri conviction does not require him to register as a sex offender in California. (*See* Lodgment No. 5, ECF No. 16-10 at 6.) Notably, he did not argue his that his failure to register conviction violated the ex post facto or equal protection clauses.

///

///

---

[4] In the *Wende* brief, appellate counsel also listed the following potential issues:

    A. Did the amended abstract of judgment accurately reflect the trial court's oral pronouncement of judgment? [Citations.]

    B. Were there any errors related to the trial court's ruling on appellant's *Romero* motion? [Citations.]

    C. Were there any errors related to the trial court's rulings on appellant's motions in limine?

        a. Was the Missouri prior conviction constitutionally valid? [Citation]

        b. Was trial counsel in the Missouri prior conviction ineffective for allowing appellant to plead guilty in that case? [Citation.]

        c. For Missouri plea to be valid, was it required that appellant be advised of his future duty to register? [Citation.]

        d. Was the Missouri conviction a qualifying offense requiring lifetime registration in California? [Citations.]

    D. Was there sufficient evidence to support appellant's conviction? [Citations.]

    E. Were there any errors in relation to the credits awarded in appellant's case?

(Lodgment No. 6, ECF No. 16-9 at 14-16.)

Petitioner did raise these claims in his petition for review to the California Supreme Court. (*See* Lodgment No. , ECF No. 16-16 at 3.) However, a petition for review to the California Supreme Court is a discretionary appeal. *See* California Rules of Court, Rule 8.500(b). Petitioner therefore did not fairly present these claims to the state court. By introducing his claims only to the California Supreme Court on discretionary review, Petitioner failed to exhaust this claim. *See Castille*, 489 U.S. at 351; *Casey*, 386 F.3d at 917. The court may nonetheless deny a petition on the merits even if it is unexhausted when it is "perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

2. Merits

James argues that use of his 1977 Missouri conviction as the basis for his failure to register as a sex offender conviction violates the Ex Post Facto Clause because the California law requiring registration was not in effect at the time of his 1977 conviction. "The States are prohibited from enacting an ex post facto law." *Garner v. Jones*, 529 U.S. 244, 249 (2000) (citing U.S. Const., Art I, § 10, cl. 1). The Ex Post Facto Clause bars enactments which, by retroactive operation, increase the punishment for a crime after its commission. *Id.* (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (citing *Lindsey v. Washington*, 301 U.S. 397, 401 (1937)).

As a general proposition, sex offender registration laws do not violate the Ex Post Facto Clause. *See Smith v. Doe*, 438 U.S. 84, 105-06 (2003) (holding that Alaska's sex offender registration laws do not violate the Ex Post Facto Clause); *Hatton v. Bonner*, 356 F.3d 955, 967 (9th Cir. 2003) (holding that California's sex offender registration scheme does not violate the Ex Post Facto Clause). In *Hatton*, the Ninth Circuit concluded that the California legislature's purpose in passing Megan's Law was to protect the public by disclosing truthful information, not to punish sex offenders. *See*

*Hatton*, 356 F.3d at 962. The court further concluded that the law was not "'so punitive'" in effect as to negate the legislature's public safety purpose. *Id*. at 967 (quoting *Smith*, 538 U.S. at 92). Thus, Petitioner has failed to raise a colorable claim that his conviction was in violation of the Ex Post Facto Clause of the U.S. Constitution.

Likewise, Petitioner fails to establish a colorable equal protection claim. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam).

The Equal Protection Clause of the Fourteenth Amendment applies strict scrutiny if the aggrieved party is a member of a protected or suspect class, or otherwise suffers the unequal burdening of a fundamental right. *City of Cleburne*, 473 U.S. at 439-40. "Government actions that do not . . . involve suspect classifications will be upheld if [they] are rationally related to a legitimate state interest." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005). The Ninth Circuit Court of Appeals has held that sex offenders are not a suspect class for purposes of equal protection analysis. *United States v. Lemay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001). Furthermore, persons who have been convicted of serious sex offenses do not have a fundamental right to be free from registration and notification statutes. *Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004). Together, these cases demonstrate that sex offender notification laws implicate neither a suspect class nor a fundamental right.

A statutory sentencing scheme that does not disadvantage a suspect class or infringe upon the exercise of a fundamental right, as is the case here, is subject only to rational basis scrutiny. *See Von Robinson v. Marshall*, 66 F.3d 249, 250-51 (9th Cir. 1995) (per curiam). As such, to prevail on his equal protection challenge, James "must prove that there exist no legitimate grounds to support the classification." *See United*

*States v. Harding*, 971 F.2d 410, 413 (9th Cir. 1992).  Here, California's registration requirements are rationally related to the State's interest in protecting the public.  *See e.g. Johnson v. Terhune*, 184 Fed. Appx. 622 (9th Cir. 2006) ("Requiring appellant to register as a sex offender did not violate . . . the Equal Protection Clause; given the danger convicted sex offenders of all stripes pose to society, California had a rational basis for requiring misdemeanants to register that is related to a legitimate governmental interest."); *see also Doe v. Moore*, 410 F.3d 1337, 1347 (11th Cir. 2005).  As such, Petitioner's equal protection claim lacks merit.

In sum, Petitioner's claims that his failure to register conviction violates the Ex Post Facto Clause and the Equal Protection Clauses of the U.S. Constitution are unexhausted.  Moreover, James fails to state colorable federal bases for relief as to these claims.  *See Cassett*, 406 F.3d at 623-24.  The Court therefore **RECOMMENDS** claims two and three be **DENIED.**

### C. Motion for Appointment of Counsel

Lastly, James has filed a motion for appointment of counsel.  (*See* ECF No. 24.) The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition or utilizes the discovery process.  *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254; Rule 6(a), 28 U.S.C. foll. § 2254.  The appointment of counsel is discretionary where, as here, no evidentiary hearing or discovery is requested or necessary.  *See Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728.

With regard to discretionary appointment of counsel, the Ninth Circuit has stated that, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). "A district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

The issues in the present case are not too complex for James. He has sufficiently represented himself to date and appears to have a grasp of his case and the legal issues involved. The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition. As the court in *Knaubert* noted: "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Knaubert*, 791 F.2d at 729 (citing *Sumner v. Mata*, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. §2254(d)). Moreover, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); *Bashor*, 730 F.2d at 1234.

The factual record is adequately developed here, and there is no indication that an attorney would have presented additional facts or a more compelling argument. Under such circumstances, appointment of counsel is simply not warranted by the interests of justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

16

17cv1570 H (NLS)

Petitioner contends that he requires appointed counsel because he is unable to adequately represent himself "due to mental incapacity." (ECF No. 24 at 2.) He states that due to his mental incapacity he is "currently on medication for his condition and has been on numerous anti-depressants and anti-psychotic mediation" during the course of his incarceration. (*Id.*) The Ninth Circuit held that where a petitioner submits "substantial evidence" of his incompetence, the district court should hold a competency hearing to determine whether a petitioner is "competent under an appropriate standard for habeas petitioners." *Allen v. Calderon*, 408 F.3d 1150, 1153-54 (9th Cir. 2005). The Ninth Circuit further determined that, should the district court conclude such a hearing is advisable, "counsel should be appointed for the limited purpose of representing the petitioner at the competency hearing as required by Rule 8 of the Rules Governing Section 2254 Cases." *Id.*

The Court in *Allen* did not specifically delineate what constituted "substantial evidence," however, it did offer some guidance. In *Allen*, the petitioner did not comply with a court order, and he submitted his own declaration and the declaration of another inmate explaining that he was mentally ill and did not understand the court's instructions. *Id.* at 1152. In addition, the petitioner included a letter from the prison psychiatrist setting forth his diagnosis of chronic undifferentiated schizophrenia and stating that petitioner was taking two psychotropic medications. *Id.* Those submissions established that "he suffer [ed] from a mental illness, the mental illness prevent[ed] him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period," and the Ninth Circuit found that there was sufficient evidence for the district court to have appointed counsel for the petitioner to represent him at a competency hearing. *Id.*

Here, Petitioner's submits his own declaration, a two-page "Medication Administration Record" dated April 17, 2018, and a one-page "General Chrono" report dated November 2, 2017 in which a Classification Committee recommended James for placement in the prison's Enhanced Outpatient Program. (*See* ECF No. 24.) In his

17

declaration, James states he suffers from "severe depression and anxiety and other disorders." (*Id.* at 2.) He states he suffers from major depression and suicidal ideation, and has taken "numerous anti-depressant and anti-psychotic medication" during his incarceration. (*Id.*) He states that because of his mental disability, he is not able to proceed in his case without assistance of counsel. (*Id.* at 3.)

The "Medication Administration Record" includes reference to James being given a single dose of "BuSpar" or "busPIRone" for his anxiety on four occasions from March 26, 2018 to March 31, 2018. The report notes that James had been previously diagnosed with major depressive disorder. It states James was "stable in program" at the time of the report. James told medical staff, "I'm doing good. The Buspar is good -- it's all I need right now. I don't need to change anything." (*Id.* at 6.) The report contains a notation describing James as "[a]lert, relaxed, engaged, [with] linear thought process, spontaneous/productive speech, no latency in response, no odor, euthymic mood, constricted affect, good insight/judgment." (*Id.*) The report also includes a list psychiatric medications that had been previously prescribed for James.[5] Finally, Petitioner also includes a brief "chrono" report which states that James "does not currently meet the minimum functional requirements to participate in an Adult Basic Education classroom setting." (*Id.* at 8.)

Under *Allen*, when considering the evidence of mental illness, the Court must look to whether the evidence indicates Petitioner is hindered in his ability to comprehend the proceedings or appropriately respond to the Court. *Allen*, 408 F.3d at 1151-52. Without minimizing Petitioner's mental illness, the Court finds nothing in Petitioner's declaration and medical records that suggest his mental illness currently hinders his ability to comprehend the proceedings before this Court or appropriately respond to the issues

---

[5] The list of medications previously prescribed for Petitioner includes Haldol, Prolixin, Thorazine, Seroquel, Zyprexa, Resperdal, Geodon, Abilify, Prozac, Paxil, Zoloft, Celexa, Remeron, Wellbutrin, Trazodone, and Buspar. (ECF No. 24 at 6.) With the exception of Buspar, there is nothing in the report to indicate that James was currently taking any of the listed medications. (*See id.*)

18

17cv1570 H (NLS)

raised in this case. Indeed, the April 17, 2018 report submitted by Petitioner noted his "linear thought process" and "good insight/judgment," among other things. (*See* ECF No. 24 at 6.) As such, Petitioner is therefore not entitled to appointed counsel under *Allen*.

In summary, based on Petitioner's declaration and the medical records he submitted, the Court finds that Petitioner has not presented substantial evidence of incompetency sufficient to warrant a competency hearing. *Allen*, 408 F.3d at 1151-52. His medical records do not indicate he is unable to comprehend the proceedings or appropriately respond to the Court. Furthermore, the Court finds that the "interests of justice" do not warrant the appointment of counsel in this case. *See Knaubert*, 791 F.2d at 729. The motion is therefore **DENIED**.

## VI. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Marilyn L. Huff under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, the Court **DENIES** Petitioner's Motion for Appointment of Counsel. (ECF No. 24).

In addition, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **August 10, 2018**. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **August 24, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: July 24, 2018

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge