||  |
|---|---|
| DARRYL JAMES, | Case No.: 3:17-cv-01570-H-NLS |
| Petitioner, | **ORDER:** |
| v. | **(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ADOPTING REPORT AND RECOMMENDATION** |
| J. GASTELLO, Warden, | |
| Respondent. | |
|  | **[Doc. No. 25]** |
|  | **(2) DENYING AS MOOT MOTION TO STAY PROCEEDINGS AND MOTION TO EXPAND THE RECORD** |
|  | **[Doc. Nos. 29, 32]** |
|  | **(3) DENYING CERTIFICATE OF APPEALABILITY** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

On August 3, 2017, Petitioner Darryl James ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his San Diego Superior Court convictions in case numbers SCD255814 and SCD259896. (Id. at 1.) On January

1

16, 2018, Respondent J. Gastello ("Respondent") filed a response and the Lodgment. (Doc. Nos. 15–16.) Petitioner filed a Traverse on March 28, 2018. (Doc. No. 22.) On July 24, 2018, the magistrate judge filed a Report and Recommendation recommending that the petition be denied. (Doc. No. 25.) Petitioner filed nunc pro tunc on September 4, 2018 a motion to stay proceedings in order to exhaust unexhausted claims. (Doc. No. 29.) Petitioner then filed nunc pro tunc on October 5, 2018 a motion to expand the record in support of his motion to stay proceedings. (Doc. No. 32.) Petitioner did not file an objection to the Report and Recommendation, although such objection was due by or on September 24, 2018. For the following reasons, the Court denies Petitioner's petition and adopts the Report and Recommendation. The Court also denies as moot Petitioner's motion to stay proceedings to amend and Petitioner's motion to expand the record.

## **BACKGROUND**

This Court, pursuant to 28 U.S.C. § 2254(e)(1), presumes as true the following relevant facts from the California Court of Appeal. (Doc. No. 16-10.) The two criminal convictions for which Petitioner is challenging his sentence are summarized in one consolidated appellate decision:

A. San Diego County Superior Court Case No. SCD255814

On July 21, 2014, James pled guilty to second degree burglary [(Cal. Penal Code § 459)] and petty theft with a prior theft conviction [Cal. Penal Code § 484)]. He also admitted that he had served three prior prison terms and had 15 prior robbery convictions and two prior attempted robbery convictions, which constituted strikes. When James failed to appear for the scheduled sentencing hearing, the trial court issued a bench warrant for his arrest.

B. San Diego County Superior Court Case No. SCD259896

In November 2014, a police officer contacted James at a shopping center while the officer was investigating another matter. The officer checked James's record and learned that James was required to register as a sex offender. The registration requirement arose out of James's conviction of forcible rape in Missouri in 1977, which was based on a guilty plea that he entered when he was 17 years old. (See § 290.005, subd. (a).) The officer arrested James.

> James later admitted to another police officer that he had missed his annual sex offender registration requirement. Officers also determined that James may have failed to update his registration upon changing his address.
>
> In March 2015, the People charged James with committing petty theft with a prior theft conviction [(Cal. Penal Code §§ 484, 666(a)–(b))] and two counts of failing to register as a sex offender [(Cal. Penal Code §§ 290.012, 290.013)], one for missing his annual registration requirement and the other for failing to register when he changed his address. On both counts, the People alleged that James committed the offenses while he was out on bail. The People also alleged that James had served three prior prison terms and had 17 prior strike convictions.
>
> James pled guilty to the count of petty theft with a prior theft conviction. After the trial court denied James's motion in limine seeking to invalidate the 1977 Missouri forcible rape conviction, a jury found James guilty of failing to complete his annual registration as a sex offender and not guilty of failing to register upon changing his address. After the jury returned its verdicts, in a bifurcated proceeding James admitted that he was out on bail when he committed the failure to register offense, that he had been convicted of forcible rape in Missouri in 1977, that he had 11 robbery convictions and one attempted robbery conviction in 1985, that he had four robbery convictions and one attempted robbery conviction in 1992, and that he had served three prior prison terms.

(Doc. No. 16-10 at 3–4.) On April 8, 2016, the trial court exercised its discretion to strike all but one prior strike and sentenced Petitioner to an aggregate prison term of 13 years, 8 months. (Id. at 4.)

On May 16, 2016, Petitioner filed a notice of appeal in the California Court of Appeal. (Doc. No. 16-11 at 10.) Petitioner's court-appointed appellate attorney filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979). (Id. at 14.) While his direct appeal was pending, Petitioner filed a petition for writ of habeas corpus in San Diego County Superior Court on July 11, 2016. (Doc. No. 16-12 at 1–7.) There, Petitioner argued that: (1) he received ineffective assistance of counsel in his 1977 Missouri case because his counsel failed to advise him of the lifetime requirement to register as a sex offender; (2) his guilty plea in that case was invalid because he was not properly advised; and (3) for those reasons, his conviction for failure to register as a sex offender should be

set aside. (Id. at 3–4.) The superior court denied the habeas petition, holding that it lacked jurisdiction because Petitioner's direct appeal was pending. (Doc. No. 16-13.)

On March 21, 2017, Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, again while his direct appeal was still pending. (Doc. No. 16-14 at 1–16.) There, he argued that: (1) the Missouri court failed to advise him of his constitutional rights during his 1977 guilty plea; (2) he received ineffective assistance of counsel in his 1977 Missouri case; and (3) his conviction for failure to register as a sex offender violates double jeopardy. (Id. at 9–14.) The appellate court denied the habeas petition on March 30, 2017, holding that it lacked jurisdiction over the Missouri case and that the double jeopardy claim was meritless. (Doc. No. 16-15.)

On March 8, 2017, the California Court of Appeal denied Petitioner's direct appeal and affirmed Petitioner's conviction, stating that the case presented "no reasonably arguable appellate issue." (Doc. No. 16-10 at 5–7.) Then on June 9, 2017, Petitioner filed a petition for review in the California Supreme Court, in which he argued that: (1) the appellate court incorrectly applied the standard of review under Wende; (2) there was no law requiring him to register as a sex offender at the time of his 1977 Missouri conviction; (3) his conviction for failure to register violates the Equal Protection and Ex Post Facto Clauses. (Doc. No. 16-16 at 3.) The California Supreme Court denied the petition for review without comment on July 12, 2017. (Doc. No. 16-17.)

## DISCUSSION

### I. LEGAL STANDARDS FOR § 2254 HABEAS PETITION

Federal habeas petitions filed after April 24, 1996 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub.L. 104-132, 110 Stat. 1214. If an applicant challenges the legality of their confinement arising from a state court judgment, federal courts may only review whether the confinement violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"). A writ will only issue if the adjudication of the state judgment "(1)

resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard is "difficult to meet," "highly deferential," and "demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations and internal quotation marks omitted). Moreover, "[t]he petitioner carries the burden of proof." Id. Thus, "[h]abeas corpus is an 'extraordinary remedy' available only to those 'persons whom society has grievously wronged . . . .'" Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633–34 (1993)).

Under § 2254(d)(1), a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meanings. Bell v. Cone, 353 U.S. 685, 694 (2002). Under the "contrary to" clause, a court may issue a writ if "the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." Id. at 694.

In contrast, a court may issue a writ under the "unreasonable application" clause if "the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case." Id. To satisfy this unreasonable application prong, the state court's decision must have been more than "just incorrect or erroneous"; it must have been "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520 (2003); see also Harrington v. Richter, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Under either the "contrary to" or "unreasonable application" prong,

the "clearly established" phrase refers only to "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court determination." Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent does not satisfy the "clearly established" element. Parker v. Matthews, 132 S.Ct. 2148, 2155 (2012). In reviewing claims under § 2254(d)(1), a federal court "is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181–82.

Under § 2254(d)(2), a federal court may grant habeas relief only if the state court's decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Section 2254(d)(2) "requires that [the federal habeas court] accord the state trial court substantial deference." Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). So long as reasonable minds reviewing the record could agree with the finding in question, the trial court's determination will stand, id., and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence," 28 U.S.C. § 2254(e)(1).

Under either § 2254(d)(1) or § 2254(d)(2), a federal habeas court looks to the last reasoned state-court decision. Castellanos v. Small, 766 F.3d 1137, 1145 (9th Cir. 2014); Murray v. Schriro, 745 F.3d 984, 996 (9th Cir. 2014). Thus, when there is an unexplained decision from the state's highest court, the federal habeas court "looks through" to the last reasoned state court decision and presumes that the unexplained opinion rests on the same grounds. Ylst v. Nunnemaker, 501 U.S. 797, 801–06 (1991). And even if the state court's decision is entirely void of an explanation, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

Federal habeas courts apply a harmless error-standard when reviewing constitutional error committed by the state trial court. Brecht, 507 U.S. at 637–38. A habeas petitioner is only "entitled to habeas relief based on trial error [if] they can establish that it resulted in 'actual prejudice.'" Id. (quoting United States v. Lane, 474 U.S. 438, 449 (1986)). Put another way, petitioner must show there is more than a "reasonable possibility" that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Id. (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); accord Fry v. Pliler, 551 U.S. 112, 116 (2007); Davis v. Ayala, 135 S.Ct. 2187, 2198 (2015) ("There must be more than a 'reasonable possibility' that the error was harmful." (quoting Brecht, 507 U.S. at 637)).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). If a party objects to any portion of the magistrate's report, the district court reviews de novo those portions of the report. Id.; see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

## II. ANALYSIS

In his petition for writ of habeas corpus, Petitioner argues that: (1) the California Court of Appeal failed to properly review his appeal under Wende; (2) "there was no law requiring him to register as a sex offender" at the time he pled guilty in Missouri; and (3) his conviction for failure to register as a sex offender violates the Ex Post Facto and Equal Protection Clauses of the U.S. Constitution. (Doc. No. 1 at 12.) The Court denies the habeas petition because Petitioner's claim regarding the Wende procedure alleges no federal cause of action, and Petitioner's claims regarding his conviction for failure to register as a sex offender fail on the merits.

/ / /

/ / /

**A. Petitioner's Claim Regarding Wende Review**

In Petitioner's first claim, he argues that the California Court of Appeal failed to properly review his appeal. (Id.) Respondent contends that Petitioner has failed to state a legally cognizable claim. (Doc. No. 15 at 2.) The Court denies Petitioner's first claim because he has failed to allege any claim arising under federal law.

On December 16, 2016, Petitioner's court-appointed appellate attorney filed a brief in the California Court of Appeal pursuant to People v. Wende, 25 Cal. 3d 436 (1979). (Doc. No. 16-11.) The appellate court then reviewed the record and affirmed Petitioner's conviction. (Doc. No. 16-10 at 5–7.) In such a Wende brief, "counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case, with citations of the record. He also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a pro se supplemental brief. He further requests that the court independently examine the record for arguable issues." Smith v. Robbins, 528 U.S. 259, 265 (2000). Counsel is then "silent on the merits of the case and expresses his availability to brief any issues on which the court might desire briefing." Id. Upon review of the entire record, if the appellate court concludes that the appeal is frivolous, it will affirm the lower court. Id. (citing Wende, 25 Cal. 3d at 441–42). If the appellate court finds any nonfrivolous issue, it will order briefing on that issue. Id. (citing Wende, 25 Cal. 3d at 422, n.3).

Petitioner fails to allege any specific federal constitutional claim. Petitioner's claim can either be construed as challenging the Wende procedure itself or challenging the California Court of Appeal's application of the Wende procedure. First, if Petitioner is challenging the constitutionality of the Wende procedure, his claim fails. In Smith, the Supreme Court held that California's Wende procedure is constitutional because it "affords adequate and effective appellate review for criminal indigents." 528 U.S. at 284. The Court stated that there is "no constitutional violation in this case simply because the Wende procedure was used." Id.

Alternatively, if Petitioner's argument is construed as challenging the manner in which the California Court of Appeal applied the Wende procedure, his habeas claim fails because it is a matter of state law. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)) (internal quotation marks omitted). Rather, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. (citing 28 U.S.C. § 2241). The Court in its review of a habeas petition does not "reexamine state-court determinations on state-law questions." Id. Accordingly, the Court may not review the California Court of Appeal's conclusion under the Wende procedure that Petitioner's appeal was frivolous. Thus, the Court denies Petitioner's first claim.

**B. Claims Arising From Sex Offender Registration**

Petitioner's grounds two and three concern his 1977 Missouri conviction and his subsequent conviction for failure to register as a sex offender. (Doc. No. 1 at 12.) Petitioner argues that at the time of his conviction in 1977, there was no law requiring him to register as a sex offender. (Id.) Petitioner also argues that California's sex offender registration requirement violates the Ex Post Facto and Equal Protection Clauses of the U.S. Constitution. (Id.) The Court will address the two claims in tandem because ground two asserts no constitutional violation, but rather, appears to be a part of Petitioner's argument in ground three that his conviction violates the Ex Post Facto Clause. For the reasons below, the Court denies Petitioner's second and third claims because Petitioner's conviction for failure to register as a sex offender is valid under both the Ex Post Facto Clause and the Equal Protection Clause.[1]

---

[1] The magistrate judge's Report and Recommendation recommends denying Petitioner's claims two and three on both exhaustion and the merits. (Doc. No. 25 at 11–15.) Generally, a claim is unexhausted if it was raised before the state courts for the first and only time in a petition to the state's highest court on discretionary review. Casey v. Moore, 386 F.3d 896, 917–18 (9th Cir. 2004). Here, Petitioner first raised his claims under the Ex Post Facto and Equal Protection Clauses before the California Supreme Court. (Doc. No. 16-16.) A petition for review to the California Supreme Court is a discretionary appeal. See

i. Ex Post Facto Clause

Petitioner argues that use of his 1977 Missouri conviction as the basis for his conviction for failure to register as a sex offender violates the Ex Post Facto Clause because the California law requiring registration was not in effect in 1977. (Doc. No. 1 at 12.) In determining whether a law constitutes retroactive punishment prohibited by the Ex Post Facto Clause, courts engaged in a two-step inquiry. Smith v. Doe, 538 U.S. 84, 92 (2003). "If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it 'civil.'" Id. (citing Kansas v. Hendricks, 521 U.S. 346, 361 (1997)) (internal quotation marks omitted).

In Smith, the Supreme Court held that the retroactive application of Alaska's sex offender registration law did not violate the Ex Post Facto Clause. Id. at 105–06. Since then, the Ninth Circuit has held that the retrospective application of California's Sex Offender Registration Act, California Penal Code § 290, also does not violate the Ex Post Facto Clause. Hatton v. Bonner, 356 F.3d 955, 968 (9th Cir. 2004). The Ninth Circuit reasoned that the California legislature's intent was to inform the public, not to punish sex offenders. See id. at 961–63. Further, the law was not "so punitive in purpose or effect as to negate the State's intention to deem it civil." Id. at 967 (citing Smith, 538 U.S. at 92).

/ / /

/ / /

---

California Rule of Court 8.500(b). Under this Petitioner's claim is unexhausted, however, the Court focuses its denial of the habeas petition on the merits of Petitioner's claims. A court "may deny an unexhausted claim on the merits where it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623 (9th Cir. 2005) (internal quotation marks and citation omitted). Petitioner raises no colorable federal claim because there is Ninth Circuit case law directly on point demonstrating that Petitioner's Ex Post Facto and Equal Protection claims are invalid, as indicated in this Order. See id.; see also Johnson v. Terhune, 184 Fed. Appx. 622, 624 (9th Cir. 2006); Hatton v. Bonner, 356 F.3d 955, 968 (9th Cir. 2004).

Hatton applies here, as Petitioner was convicted under §§ 290.012, 290.013 of California's Sex Offender Registration Act. Accordingly, the Court denies Petitioner's claim that the Ex Post Facto Clause prohibits the retroactive application of California's sex offender registration laws.

ii. Equal Protection Clause

Petitioner also argues that his conviction for failure to register as a sex offender violates the Fourteenth Amendment's Equal Protection Clause. (Doc. No. 1 at 12.) The Equal Protection Clause of the Fourteenth Amendment requires a state to treat all similarly situated people equally. Hartmann v. Calif. Dept. of Corrections and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing City of Cleburne v. Cleburne Living Ctr., Inc., 472 U.S. 432, 439 (1985)). Laws alleged to violate the Equal Protection Clause face strict scrutiny, intermediate scrutiny, or rational basis review. Kahawaiolaa v. Norton, 386 F.3d 1271, 1277 (9th Cir. 2004). Strict scrutiny will apply if the claimant is a member of a suspect class or otherwise suffers the burdening of a fundamental right. Cleburne, 472 U.S. at 439–40. If the claimant is not a member of a suspect or quasi-suspect class and no fundamental right is implicated, the court applies rational basis. See id. The Ninth Circuit has stated that "[s]ex offenders are not a suspect class." United States v. LeMay, 260 F.3d 1018, 1030 (9th Cir. 2001). Further, "persons who have been convicted of serious sex offenses do not have a fundamental right to be free from [a state's] registration and notification requirements[.]" Doe v. Tandeske, 361 F.3d 594, 597 (9th Cir. 2004).

Because no suspect class is disadvantaged and no fundamental right is infringed, California's sex offender registration is subject to rational basis review. See Kahawaiolaa, 386 F.3d at 1277. Under rational basis, a law will be upheld if it is rationally related to a legitimate state interest. Fields v. Palmdale Sch. Dist., 427 F.3d 1197, 1208 (9th Cir. 2005). The Ninth Circuit has stated that California's sex offender registration requirements meet this test because they are rationally related to the State's interest in protecting public safety. Johnson v. Terhune, 184 Fed. Appx. 622, 624 (9th

Cir. 2006) (citing <u>United States v. Harding</u>, 971 F.2d 410, 412 (9th Cir. 1992)). Thus, the Court concludes that Petitioner's Equal Protection argument is without merit. Accordingly, the Court denies Petitioner's second and third claims on the merits.

**C. Motion to Stay and Motion to Expand the Record**

Following the magistrate's issuance of the Report and Recommendation, Petitioner filed a motion to stay proceedings so that he may exhaust his Missouri conviction claims and file an amended habeas petition. (Doc. No. 29.) Petitioner also filed a motion to expand the record in support of his motion to stay, requesting that the Court consider: (1) a "request for ruling" he made in his Missouri case on July 30, 2018; (2) a letter he wrote to the Missouri clerk's office on December 8, 2017; (3) his motion to withdraw his Missouri guilty plea; and (4) the California Court of Appeal's order on his writ of habeas corpus. (Doc. No. 32.)

As discussed above, the Court denies Petitioner's habeas claims on the merits. Accordingly, the Court denies as moot Petitioner's motion to stay and motion to expand the record.

**D. Certificate of Appealability**

An appeal cannot be taken from the district court's denial of a § 2254 motion unless a certificate of appealability is issued. <u>See</u> 28 U.S.C. § 2253(c)(1). A certificate may be issued only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected petitioner's constitutional claims on the merits, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner has not shown this Court's conclusion is debatable or wrong and thus, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's § 2254 petition for writ of habeas corpus, adopts the magistrate judge's Report and Recommendation to deny the

petition for writ of habeas corpus, denies Petitioner's motion to stay, and denies Petitioner's motion to expand the record. Finally, the Court denies a certificate of appealability.

**IT IS SO ORDERED.**

DATED: November 16, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT